UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LELA W., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  4:24 CV 1108 JMB |
| | ) |
| FRANK BISIGNANO, | ) |
| Commissioner of Social Security | ) |
| Administration,[1] | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

On December 21, 2021, Plaintiff Lela W. filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 301, *et seq*., alleging that her disability began on September 22, 2020 because of Depression/Anxiety, COPD, and Arthritis (Tr. 160, 190).  On September 15, 2023, the Commissioner of Social Security issued a final decision on Plaintiff's claim (Tr. 14-31).  See 42 U.S.C. § 405(g).  There is no dispute that Plaintiff exhausted her administrative remedies.  Accordingly, this matter is now before the Court for review of an adverse ruling by the Social Security Administration as set forth by the Administrative Law Judge (ALJ).  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

**I.  Standard of Review and Legal Framework**

The Court's role on judicial review is to determine whether the ALJ's findings are supported by substantial evidence in the record as a whole.  Ross v. O'Malley, 92 F.4th 775, 778

---

[1] On May 7, 2025, Frank Bisignano became the Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano is hereby substituted for Leland Dudek as the defendant in this action. Nothing further is necessary to continue this action as set forth in the last sentence of 42 U.S.C. § 405(g). The Clerk of Court is hereby directed to modify the docket sheet to reflect this change..

(8th Cir. 2024). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." Juszczyk v. Astrue, 542 F.3d 626, 631 (8th Cir. 2008) (quotation omitted); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019) (the standard "is not high"). In making this determination, the Court considers evidence that both supports and detracts from the ALJ's decision. Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007); see also 20 C.F.R. § 404.1520 (setting forth the five-step sequential evaluation process an ALJ uses to determine whether a claimant is disabled); Moore v. Astrue, 572 F.3d 520, 523 (8th Cir. 2009) (discussing the five-step process).

The Eighth Circuit has repeatedly emphasized that a district court's review of an ALJ's disability determination is intended to be narrow, and that courts should "defer heavily to the findings and conclusions of the Social Security Administration." Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010) (citing Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001)). Similarly, a reviewing court should not disturb the ALJ's decision unless it falls outside the available "zone of choice" defined by the evidence of record. Buckner v. Astrue, 646 F.3d 549, 556 (8th Cir. 2011). If it is possible to draw a position from the evidence that supports the ALJ's findings, the reviewing court must affirm the decision. Id. With this standard in mind, the Court will address the specific arguments made by the parties.

## II. Discussion

Plaintiff argues that the ALJ erred in assessing Plaintiff's Residual Functional Capacity (RFC) by failing to address how mild limitations in the ability to perform basic work activities relates to and supports the finding that Plaintiff could perform her past-relevant skilled work.

A claimant's RFC is the most she can do in a work setting despite her limitations. Schmitt v. Kijakazi, 27 F.4th 1353, 1360 (8th Cir. 2023) (citing 20 C.F.R. § 404.1545(a)(1)). When

determining a claimant's RFC, the ALJ must evaluate the credibility of the claimant's subjective complaints.[2] Wagner v. Astrue, 499 F.3d 842, 851 (8th Cir. 2007); Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005). In doing so, the ALJ should consider the claimant's prior work record and third-party observations as to the claimant's daily activities; the duration, frequency and intensity of the symptoms; any precipitating and aggravating factors; the dosage, effectiveness and side effects of medication; and any functional restrictions. Grindley v. Kijakazi, 9 F.4th 622, 630 (8th Cir. 2021); Halverson v. Astrue, 600 F.3d 922, 931 (8th Cir. 2010); Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ is not mechanically obligated to discuss each of the above factors; however, when rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination, that is based on substantial evidence, detailing his or her reasons for discrediting the testimony. Grindley, 9 F.4th at 630-631; Vick v. Saul, No. 1:19 CV 232 CDP, 2021 WL 663105, at *8 (E.D. Mo. Feb. 19, 2021) (citing Renstrom v. Astrue, 680 F.3d 1057, 1066 (8th Cir. 2012). On review by the court, "[c]redibility determinations are the province of the ALJ." Nash v. Comm'r, Soc. Sec. Admin., 907 F.3d 1086, 1090 (8th Cir. 2018) (quoting Julin v. Colvin, 826 F.3d 1082, 1086 (8th Cir. 2016)). The court defers to the ALJ's determinations "as long as good reasons and substantial evidence support the ALJ's evaluation of credibility." Id.

At Step 2 of the sequential process, 20 C.F.R. § 404.1520(a)(4)(ii), the ALJ found that Plaintiff's mental health conditions, depression and anxiety, are non-severe because they "do not cause more than minimal limitation in the claimant's ability to perform basic mental work activities" (Tr. 20). In so finding, the ALJ found the opinions of two experts, Drs. Joseph Mehr and Barbara Markway, that Plaintiff's mental health conditions only cause mild limitations,

---

[2] Social Security Ruling 16-3p eliminated the term "credibility" from the analysis of subjective complaints. However, the regulations remain unchanged; "Our regulations on evaluating symptoms are unchanged." SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017); 20 C.F.R. §§ 404.1529, 416.929; Lawrence v. Saul, 970 F.3d 989, 995 n.6 (8th Cir. 2020).

persuasive (Tr. 20). The ALJ concluded that the opinions were consistent with the medical record that showed "the claimant has a sad or irritable mood with a tearful effect [at times, but] more frequently she is noted to be alert and fully oriented, with normal mood and affect, her behavior is normal, her thought content is normal, and insight and judgment is normal" (Tr. 20).[3]

The ALJ elaborated the extent to which Plaintiff's mental health affected broad functional areas of mental functioning outlined in the regulations. 20 C.F.R., Part 404, Subpart P, App. 1. These four functional areas, known as "Paragraph B" criteria, are understanding, remembering and applying information; interacting with others; concentrating, persisting, or maintaining pace; and, adapting or managing oneself. See 20 C.F.R. § 404.1520a(c)(3). The ALJ found that Plaintiff only had mild limitations in these functional areas in light of medical examination findings and her activities of daily living which include managing finances, watching TV, driving, ability to follow instructions, shopping, gardening, and making wreaths (Tr. 20-21). Again, this assessment only relates to the Plaintiff's ability to do basic work activities. Id. at (d)(1). Basic work activities include "abilities and aptitudes necessary to do most jobs" and include physical functions, using senses, understanding and carrying out simple instructions, using judgment, responding appropriately to others, and dealing with changes in work settings. Id. § 404.1522(b)(1-6).

The ALJ then appropriately indicated that these findings, as to Plaintiff's mental and physical condition, only relate to the severity of Plaintiff's conditions and are not a "residual function capacity assessment" that would require a more "detailed assessment." Chismarich v. Berryhill, 888 F.3d 978, 980 (8th Cir. 2018) ("As a practical matter...the different steps serve

---

[3] The ALJ cited to records including mental status exams during appointments with PA Jared Schiefer (for various medical problems) from April 5, 2021 to August 19, 2021 and May 10, 2022 (Tr. 268, 273, 277, 288, and 331); Examinations by Dr. Sarita Sharma related to Plaintiff's moderate recurrent major depressive disorder on January 26, 2022, February 14, 2022, April 19, 2022 (Tr. 300, 310, and 321); and, mental health status examinations during primary care visits on October 14, 2022 and November 8, 2022 with nurse Tami Boren (Tr. 405 and 409).

distinct purposes, the degrees of precision required at each step differ, and our deferential standard of review precludes us from labeling findings as inconsistent if they can be harmonized."); Wymer v. Saul, 4:19-CV-2616-MTS, 2021 WL 1889870, * 9 (E.D. Mo. May 11, 2021).  Plaintiff does not challenge the ALJ's finding that her mental health conditions are non-severe and that they result in only mild functional limitations as to basic work functions at Step 2 of the sequential process.

In addressing Plaintiff's RFC, between Steps 3 and 4, the ALJ noted that she considered the entire record in formulating the RFC that Plaintiff can perform light work with certain environmental limitations (Tr. 22).  The ALJ identified some of Plaintiff's statements of the effects of her physical and mental condition.  As to her anxiety and depression, the ALJ noted that Plaintiff indicated that she cannot handle stress of the public, that she has panic attacks while with grandchildren, and that she gets anxious for which she takes medication (Tr. 23).  The ALJ also considered Plaintiff's husband's statements (although did not indicate what level of consideration) (Tr. 23).  And, the ALJ detailed Plaintiff's physical conditions, medical evidence related to those conditions, and expert opinions as to those conditions.  The ALJ then generally concluded that Plaintiff's statements of the intensity, persistence and limiting effects of her symptoms are not consistent with the medical evidence (Tr. 23).  In light of the RFC, the ALJ then found at Step 4 that Plaintiff was capable of performing her past relevant work as a seamstress and upholstery supervisor – while both of these jobs are light work as generally performed according to the Dictionary of Occupational Titles, they were performed by Plaintiff at the medium level and are considered skilled work.[4]

---

[4] Skilled work is defined as:

Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced. Skilled work may require laying out work, estimating quality, determining the suitability and needed quantities of materials, making precise measurements, reading blueprints or other specifications, or making necessary computations or mechanical

While an ALJ is not required to include non-severe conditions that do not meaningfully result in functional limitations in the RFC, Hilkemeyer v. Barnhart, 380 F.3d 441, 445 (8th Cir. 2004) ("The ALJ's decision not to incorporate this mild pulmonary dysfunction in the RFC, as well as in the hypothetical posed to the VE, was not error because the record does not suggest there were any limitations caused by this nonsevere impairment." (footnote omitted)), an ALJ is required to consider all of Plaintiff's severe and non-severe impairments. See 20 C.F.R. § 404.1545(a)(1-2), Igo v. Colvin, 839 F.3d 724, 730 (8th Cir. 2016).

In this case, it is clear that the ALJ was aware of Plaintiff's mental health condition and her statements as to the limiting effects of her conditions. However, in developing Plaintiff's RFC, the ALJ did not make an express credibility determination of Plaintiff's statements as to the limiting effects of her mental health. It is unclear, then, to what extent the ALJ discounted Plaintiff's statements that she self-isolates, has panic attacks, and suffers from sleeplessness.[5] Nor did the ALJ refer to the expert opinions of Drs. Mehr and Markway or Plaintiff's treating physicians, in this section of her opinion which is admittedly distinct from the ALJ's assessment at Step 2. There was also no discussion of any mental health limitations in the ALJ's colloquy with the vocational expert. Thus, the ALJ did not address any medical records that would support or detract from Plaintiff's assessment of her mental health and the functional limitations they allegedly create.

---

adjustments to control or regulate the work. Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity.

20 C.F.R. §404.1568(c).

[5] Plaintiff testified that she cannot handle being around the public, that she doesn't sleep at night, she cannot complete shopping because of anxiety, she has panic attacks round her rambunctious grandchildren at least once-a-week, that her depression has worsened over the years, and that she stays isolated in her house for days on a monthly basis (Tr. 24, 50-52). She also indicated that she takes medication to treat her anxiety and depression and that she saw a counselor when she lived in Illinois and that she was seeking a therapist since moving to Missouri (Tr. 52).

In addition, the ALJ did not clarify how a finding that Plaintiff only had mild limitations in the ability to complete basic work activities relates to her ability to perform skilled work. See, e.g., Griffith v. O'Malley, 1:23 CV 35 RHH, 2024 WL 4274855 (E.D. Mo. Sept. 24, 2024). Regulations differentiate between basic work activities and semiskilled and skilled work activities with the later generally requiring higher levels of mental functioning. See Program Operations Manual System (POMS) DI 25020.010, https://secure.ssa.gov/apps10/poms.nsf/lnx/0425020010 (last visited April 30, 2025).[6]  The ALJ made no statement about Plaintiff's ability to perform skilled work in light of her limitations, except to conclude that Plaintiff could perform her past relevant work. There also is no evidence in the record as to the extent of skill required for the jobs that the ALJ believes Plaintiff can perform. Thus, the ALJ did not cite to substantial evidence to support the RFC finding. This matter must be remanded for a proper evaluation of Plaintiff's asserted functional limitations related to her mental health and whether she has the sufficient mental skill to perform her past relevant work or other appropriate work.

The Court is mindful that upon reconsideration, the ALJ may come to the same conclusion that Plaintiff's mental health poses no barrier to performing her past relevant skilled work, or that other work exists in the national economy that she can perform. Certainly, an ALJ need not include limitations in an RFC based on evidence that she finds not credible. Wildman v. Astrue, 596 F.3d 959, 969 (8th Cir. 2010). However, the Commissioner must make that decision in the first instance, and it must be supported by substantial evidence. See Buckner v. Apfel, 213 F.3d 1006, 1011 (8th Cir. 2000) (noting the deference accorded the ALJ to perform further administrative proceedings).

---

[6] This guidance repeats the basic mental demands of unskilled work outlined in 20 C.F.R. §404.1522(b)(1-6) (basic work activities). It goes on to state that semiskilled and skilled work require these basic mental demands in addition to a variety of other skills including the ability to understand and follow detailed instructions, work independently, and increased ability to concentrate and persist.

\* \* \* \* \*

Accordingly, **IT IS HEREBY ORDERED** that, pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is **REVERSED**, and this cause is **REMANDED** to the Commissioner for further consideration consistent with this Memorandum and Order.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 20th day of May, 2025

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE